UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIDGE STREET AUTOMOTIVE, ) <br> INC., et al., ) <br> ) <br>     Plaintiffs, ) <br>   v. ) <br> ) <br> GREEN VALLEY OIL, LLC and ) <br> ARFA ENTERPRISES, INC., ) <br> ) <br>     Defendants. ) | CIVIL ACTION <br> NO. 12-10750-PBS |

**REPORT AND RECOMMENDATION ON
ARFA'S MOTION TO CLARIFY ORDER**

May 1, 2013

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is before the court on "ARFA's Motion to Clarify Order on LeClairRyan's 'Request for Leave to Withdraw its Appearance for Certain Plaintiffs'" (Docket No. 166) pursuant to which the defendant is seeking to have the court's dismissal of corporate plaintiffs for failure to be represented by counsel be deemed a dismissal on the merits and with prejudice, pursuant to Fed. R. Civ. P. 41(b). For the reasons detailed herein, this court recommends that the motion be denied. Rather, this court recommends that the District Judge order a dismissal of the action against the relevant plaintiffs without prejudice under Local Rule 41.1. A proposed order of dismissal is attached.

## II. DISCUSSION

This suit was brought by numerous gas station owners seeking to recover security deposits paid to Green Valley Oil, LLC, which Green Valley admittedly failed to return. Green Valley has gone out of business and the plaintiffs are seeking to recover the amounts due from the defendant ARFA Enterprises, Inc., which, plaintiffs allege, is Green Valley's alter ego.  This is strenuously denied by ARFA.

All of the plaintiffs were originally represented by the law firm of LeClairRyan. On January 8, 2013, the court (Saris, J.) entered an electronic order allowing counsel's motion to withdraw as to certain plaintiffs.  The court ordered that the motion was "ALLOWED without opposition.  Within 30 days, counsel shall file an appearance or all corporations shall be dismissed.  All individuals who wish to proceed Pro-Se shall inform the Court or they shall be dismissed."  (Docket No. 116).  On February 20, 2013, the court (Saris, J.) ordered pursuant to Local Rule 41.1 that the case was "dismissed for want of prosecution" as to all plaintiffs who had not complied with the order of January 8, 2013.  (Docket No. 143).  Pursuant to Local Rule 41.1(c), a dismissal pursuant to this Rule "shall not operate as an adjudication on the merits unless the court on motion of a party directs otherwise."

In response to an emergency motion filed by LeClairRyan to withdraw as attorney for other plaintiffs, this court (Dein, M.J.) ordered on March 27, 2013 that "[w]ithin 30 days, counsel shall file an appearance or all corporations shall be dismissed. All individuals who wish to proceed pro se shall inform the court or they shall be dismissed."

(Docket No. 165).  When individuals attempted to appear pro se on behalf of corporate plaintiffs, this court again notified them that pursuant to Local Rule 83.5.3(c) and case law "[a] corporation cannot appear pro se."  (See, e.g., Docket Nos. 175, 179, 190).  Meanwhile, on March 29, 2013, a Stipulation of Dismissal with prejudice was filed by the law firm of LeClairRyan on behalf of various corporate plaintiffs.  To date, only one individual plaintiff, Gaby Elnakhle d/b/a G&E Getty, has notified the court of his intention to proceed pro se.  The corporate plaintiff, C.M.S.G., Inc., through counsel, has moved to vacate the stipulation of dismissal as to it.  No other corporate plaintiff has notified the court of its intention to be represented by counsel.  Since 30 days have elapsed since this court's order of March 27, 2013, it is appropriate to dismiss the action against the affected plaintiffs for want of prosecution.

ARFA has filed a motion to clarify this court's order of March 27, 2013 so that any dismissal would be "on the merits under Fed. R. Civ. P. 41(b)" instead of without prejudice under Local Rule 41.1(c).  In support of this motion, defendant cites the fact that it has expended considerable funds in pursuing a motion for summary judgment, which is presently pending.  There have been no oppositions filed in response to the motion for summary judgment.  With the exception of the plaintiffs Gaby Elnakhle and C.M.S.G., Inc., the motion for summary judgment will be moot since the plaintiffs' cases will be dismissed for want of prosecution.  The time for the two remaining plaintiffs to respond to the motion has been extended by this court.  Specifically, Gaby Elnakhle's response to the motion for summary judgment is due on May 14, 2013.  The defendants

are to file their oppositions to C.M.S.G., Inc.'s motion to vacate the stipulation of dismissal by May 13, 2013.  If the stipulation of dismissal is vacated, C.M.S.G., Inc. will have additional time to respond to the summary judgment motion.

It is well established "that dismissal with prejudice is a particularly harsh sanction, which should be imposed only in extreme circumstances."  <u>Taffanelli-Figueroa v. Fajardo-Velez</u>, 483 F.3d 24, 26 (1st Cir. 2007).  Here plaintiffs brought an action seeking to recover amounts that were admittedly due from Green Valley.  The plaintiffs are numerous small gasoline station owners, many of whom, according to their former counsel, have difficulty with the English language.  The merits of the dispute with ARFA have not been reached at all, although plaintiffs' former counsel has represented to this court during a hearing on March 1, 2013 that there was a good faith basis to seek to hold ARFA liable for Green Valley's uncontested obligations.  While it certainly was within ARFA's right to pursue summary judgment, it did so while the ability of the plaintiffs to pursue this litigation was uncertain.  Under such circumstances, the "harsh" sanction of dismissing the plaintiffs' case with prejudice is not warranted simply because the plaintiffs were unable to obtain counsel.

### III.  <u>CONCLUSION</u>

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that "ARFA's Motion to Clarify Order on LeClairRyan's 'Request for Leave to Withdraw its Appearance for Certain Plaintiffs'" (Docket No. 166)

be DENIED and that the District Judge order a dismissal of the action against the affected plaintiffs under Local Rule 41.1.[1]  A proposed order of dismissal is attached.

                                       / s / Judith Gail Dein
                                       Judith Gail Dein
                                       U.S. Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRIDGE STREET AUTOMOTIVE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | CIVIL ACTION NO. 12-10750-PBS |
| GREEN VALLEY OIL, LLC and ARFA ENTERPRISES, INC., | ) ) ) | |
| Defendants. | ) | |

## **ORDER OF DISMISSAL**

SARIS, D.J.

    Pursuant to Rule 41.1 of the Local Rules of this Court and in accordance with the Order issued on March 27, 2013, it is hereby ORDERED that the following plaintiffs are hereby dismissed for want of prosecution:

ACHI, Inc.
Ashland Auto Service Center, Inc.
Bridge Street Automotive, Inc.
Cedars Petroleum, Inc.
Chair City, Inc.
EB Gas, Inc.
Geara Enterprises, Inc.
Grafton Street Convenience, Inc.
Hanna Shabo
Jasper Fuels, Inc.
JK Gas and Convenience Store, Inc.
Mike's Service Plus, Inc.

Montvale Ave. Gas, Inc.
Newbury Enterprises, LLC
Pointless Forrest Enterprises, Inc.
Queen Ann Auto Repair, Inc.
Randolph Auto Clinic, Inc.
Rt. 110 Mart, Inc.
S&D Petroleum, Inc.
S&J Gas, Inc.
T&L Auto Care, Inc.
Tatnuck Gas & Service, Inc.
Yaghmour, Inc

                                  By the Court,

DATED:                                         _____
                                                      Deputy Clerk