UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRIDGE STREET AUTOMOTIVE, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 12-10750-PBS |
| GREEN VALLEY OIL, LLC and ARFA ENTERPRISES, INC., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION ON MOTION OF C.M.S.G. TO VACATE STIPULATION OF DISMISSAL

July 24, 2013

DEIN, U.S.M.J.

## I.  INTRODUCTION

This matter is before the court on the "Motion to Vacate Stipulation of Dismissal as to C.M.S.G., Inc." (Docket No. 176).  By its motion, C.M.S.G., Inc. ("CMSG") is seeking an order vacating, with respect to CMSG only, a Stipulation of Dismissal with Prejudice which was executed as part of a settlement agreement between certain plaintiffs and the defendants.  This court scheduled an evidentiary hearing for July 22, 2013, at which time the principal of CMSG, Ahmad Mekkaoui, was to appear and testify concerning whether CMSG had entered into a binding settlement agreement or whether, as a result of communication issues between Mr. Mekkaoui and counsel, CMSG's

counsel misunderstood that it had authority to enter into an agreement on CMSG's behalf when in fact it did not.

On July 19, 2013, CMSG's counsel of record, Attorney Andrew W. Daniels of the law firm of LeClairRyan, notified the court that Mr. Mekkaoui did not intend to appear at the hearing.  In fact, Mr. Mekkaoui did not appear at the scheduled hearing on July 22, 2013.  Therefore, this court finds that CMSG has failed to meet its burden of proof with respect to its contention that counsel lacked authority to file a Stipulation of Dismissal with Prejudice on its behalf.  As a result, this court recommends to the District Judge to whom this case is assigned that the motion to vacate (Docket No. 176) be DENIED.

## II.  <u>STATEMENT OF FACTS</u>

Unless otherwise indicated, the following facts are not in dispute.

Plaintiffs were independent gas station owners who sued Green Valley Oil, LLC ("Green Valley") to recover, among other things, security deposits paid to Green Valley. Green Valley does not dispute that it owes the plaintiffs over $1.6 million in security deposits, but contends that it is out of business and does not have any assets.  The plaintiffs also sued ARFA Enterprises, Inc. ("ARFA") alleging that ARFA is liable under theories of unjust enrichment, conversion, fraudulent transfer and alter ego liability. ARFA strenuously denies any liability and has filed a motion for summary judgment which is presently pending.  (Docket No. 148).[1]

---

[1]  Except for one individual plaintiff, Gaby Elnakhle, all of the plaintiffs have been dismissed either by way of the Stipulation of Dismissal with Prejudice, or for lack of prosecution

On March 28, 2013, 23 plaintiffs, who were represented by Attorney Daniels, reached an agreement to settle their claims with ARFA and Green Valley.  (See Berman Aff. (Docket No. 195) at Ex. A).  In accordance with that agreement, on March 29, 2013 counsel filed a Stipulation of Dismissal with Prejudice on behalf of the 23 plaintiffs, including CMSG.  (Docket No. 167).  It is undisputed that ARFA made the payment called for under the agreement to Attorney Daniels, who has either held CMSG's funds in escrow or distributed the funds, but CMSG has not cashed the check.

After the Stipulation of Dismissal was filed, a number of corporate defendants, including CMSG, moved to appear *pro se*.  (See e.g., Docket Nos. 171-73, 176).  The court denied the motions as a corporation cannot appear *pro se*.  (See Docket Nos. 175, 179 (citing Local Rule 83.5.3(c); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 22 (1st Cir. 2000))).  According to CMSG's counsel, upon learning of the motion to appear *pro se*, Attorney Daniels spoke to CMSG's principal, Ahmad Mekkaoui, at which time "it became apparent that counsel for CMSG mistakenly understood that Mr. Mekkaoui authorized LeClairRyan to file a Stipulation of Dismissal with Prejudice, when in fact he had no intention to do so."  (Mot. to Vacate (Docket No. 176) at ¶ 4).  Therefore, on April 9, 2013, counsel filed the instant motion to vacate the stipulation of dismissal as to CMSG.  Counsel declined to provide any details regarding

---

because their counsel has withdrawn and they, as corporations, cannot proceed *pro se*.  (See Docket Nos. 143, 200).  A hearing on the motion for summary judgment is presently scheduled for August 7, 2013.

the misunderstanding described in the motion, since he was unable to do so "without disclosing privileged attorney-client communications." (Id. at n.1).

Green Valley and ARFA opposed the motion to vacate. (See Docket Nos. 194-95, 197). A hearing was held on June 24, 2013 at which time Attorney Daniels appeared.[2] He described generally the written information he had provided to Mr. Mekkaoui and the other plaintiffs.[3] He also represented that he did not have any written statement from Mr. Mekkaoui affirmatively giving counsel authority to settle on CMSG's behalf. The court was also informed that Pam Buell, a paralegal, had spoken to Mr. Mekkaoui several times after the information had been sent to him. Ms. Buell was in court, and informed the court that Mr. Mekkaoui had told her that he did not want to go forward with the case, and that he had agreed that the firm would file a stipulation of dismissal with prejudice on his behalf. (Tr. at 14-15). This apparently conflicted with what Mr. Mekkaoui had told Mr. Daniels after Mr. Mekkaoui had filed his motion to appear *pro se*. However, the court did not allow any examination of Ms. Buell due to a concern about disclosure of attorney-client communications.

This court concluded that an evidentiary hearing was necessary before the court could resolve CMSG's pending motion to vacate. See Malave v. Carney Hosp., 170 F.3d 217, 220 (1st Cir. 1999) (where there is a genuinely disputed question of material fact

---

[2] A transcript of the hearing is filed as Docket No. 206.

[3] The court has reviewed the material *in camera*.

regarding the existence of a settlement agreement, "the court . . . must take evidence to resolve the contested issues of fact").  Therefore the court scheduled an evidentiary hearing for July 22, 2013 at 3:00 p.m. at which time Mr. Mekkaoui and Ms. Buell were to appear and testify concerning whether or not counsel at LeClairRyan had authority to enter into the settlement agreement and Stipulation of Dismissal with Prejudice on behalf of CMSG.  (See Docket No. 205).  As detailed above, Mr. Mekkaoui declined to appear.

Additional facts will be provided below where appropriate.

### III.  ANALYSIS

It is undisputed that counsel of record for CMSG signed the Settlement Agreement on its behalf, and executed and filed the Stipulation of Dismissal with Prejudice on CMSG's behalf.  The Settlement Agreement (Docket No. 195 at Ex. A) expressly provides as follows:

> The undersigned counsel for the Settling Plaintiffs represents that he is authorized to execute this Settlement Agreement on behalf of the Settling Plaintiffs.  ARFA and [Green Valley] are relying on this representation in executing this Agreement.

(Settlement Agreement ¶ 3).  Under the circumstances presented here, there is no basis for setting aside this settlement on behalf of CMSG.

It is well established that a "general retainer, standing alone, does not permit an unauthorized attorney to settle claims on his client's behalf." McGee v. Cartoon Network, Inc., 383 Fed. Appx. 12, 13 (1st Cir. 2010) (quoting Malave v. Carney Hosp., 170 F.3d 217, 221 (1st Cir. 1999)).  Nor does the doctrine of apparent authority clothe an

attorney with authority to compromise a claim on behalf of his or her client, since "'customarily only the representation of the principal to the third party can create apparent authority, not the representation of the agent alone.'" McGee v. Cartoon Network, Inc., 08-CV-11818-PBS, 2011 WL 722470, at *2 (D. Mass. Feb. 22, 2011) (quoting McGee v. Cartoon Network, Inc., 38 Fed. Appx. at 12 (quoting United States v. Int'l Bhd. of Teamsters, 986 F.2d 15, 20 (2d Cir.1993)). "However, an attorney may make a binding compromise on behalf of his client if the client has authorized him to do so." Michaud v. Michaud, 932 F.2d 77, 80 (1st Cir. 1991). "[T]here is a presumption that a settlement entered into by an attorney has been authorized by the attorney's client," however, "rebuttal of the presumption renders any purported settlement ineffective." Id. If there is a question concerning counsel's authority to settle, the client should be given "a reasonable opportunity to be heard on the issue of whether or not he had originally authorized [counsel] to settle." Id. at 81.

In the instant case, counsel, through Ms. Buell, had several conversations with Mr. Mekkaoui and Ms. Buell understood that she had been instructed to settle the litigation on behalf of CMSG and to file the stipulation of dismissal on CMSG's behalf. Based on the *in camera* review of the email communications between counsel and CMSG, this court is satisfied that the options were clearly explained to Mr. Mekkaoui. Finally, Mr. Mekkaoui was given the opportunity to appear in court and explain whether he had given counsel authority to settle, but he declined to appear. Since CMSG has not rebutted the presumption that counsel had authority to enter into the settlement on its behalf, this court

recommends that the Motion to Vacate Stipulation of Dismissal as to C.M.S.G., Inc. be denied.

## IV.   CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the "Motion to Vacate Stipulation of Dismissal as to C.M.S.G., Inc." (Docket No. 176) be DENIED.[4]

      / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge

---

[4] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).