UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIDGE STREET AUTOMOTIVE, )<br>INC., et al., )<br>　)<br>　　Plaintiffs, )<br>　v. )<br>　)<br>GREEN VALLEY OIL, LLC and )<br>ARFA ENTERPRISES, INC., )<br>　)<br>　　Defendants. ) | CIVIL ACTION<br>NO. 12-10750-PBS |

# REPORT AND RECOMMENDATION ON PLAINTIFF
# GABY ELNAKLE'S MOTION TO VACATE DISMISSAL

April 29, 2014

DEIN, U.S.M.J.

## I. INTRODUCTION

This action was brought by a group of seventy-four gasoline station owners against defendants, Green Valley Oil, LLC ("Green Valley") and ARFA Enterprises, Inc. ("ARFA"), to recover, among other things, security deposits that were held by Green Valley in its capacity as the plaintiffs' landlord and gasoline supplier. Over the course of the litigation, seventy-three of the plaintiffs were dismissed from the action due to lack of prosecution or as a result of a settlement. Consequently, only one plaintiff, Gaby Elnakle, d/b/a G&E Getty ("Elnakle"), continued to pursue the litigation. On November 6, 2013, the court granted ARFA's motion for summary judgment on all of Elnakle's

claims against it, and on January 10, 2014, the court entered final judgment for ARFA.[1]
Therefore, the only claims remaining in the matter consisted of Elnakle's claims against Green Valley.

On January 28, 2014, Green Valley filed a Motion for Entry of Final Judgment of Dismissal requesting that Elnakle's claims against it be dismissed based on lack of prosecution pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41.1. Elnakle failed to respond, and on February 14, 2014, the court allowed Green Valley's motion "without opposition." (See Docket Entry dated 02/14/2014). Accordingly, all of the remaining claims against Green Valley were dismissed, and a final judgment was entered in that party's favor. (See Docket No. 235).

The matter is presently before the court on "Plaintiff Gaby Elnakle's Amended Motion to Vacate Dismissal Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.1" (Docket No. 238). By his motion, Elnakle argues that neither he nor his attorney received notice of Green Valley's motion for a final judgment, and that the interests of justice require that he be allowed to pursue his claims. Therefore, he requests that the court issue an order vacating the Final Judgment of Dismissal in favor of Green Valley and reinstating his claims against that defendant. For the reasons that follow, this

---

[1] ARFA's motion for summary judgment was allowed on the grounds that the court lacked personal jurisdiction over that defendant. Therefore, it did not affect Elnakle's claims against Green Valley.

court recommends to the District Judge to whom this case is assigned that Elnakle's motion to vacate be ALLOWED.

## II. **DISCUSSION**

Although the plaintiff has cited no law in support of his motion, the motion appears to have been filed under Federal Rule of Civil Procedure 59(e). (See Def. Opp. Mem. (Docket No. 239) at 3 ¶ 8). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). While the Rule does not state the grounds upon which relief may be granted, it "allow[s] a court to correct its own errors and avoid unnecessary appellate procedures." Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004). "[D]istrict courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Rule 59(e)." Id.

"[T]he case law has developed a non-exhaustive list of circumstances in which relief is available under Rule 59(e)[.]" Id. One such circumstance is where the moving party shows "that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based." 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (3d ed. 2014). Additionally, a motion for relief under Rule 59(e) may be granted where the moving party shows that it is "necessary to prevent manifest injustice." Id. See also Marie v. Allied Home Mort. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (describing grounds upon which relief may be granted under Rule 59(e)). In considering whether to grant or deny a motion brought under Rule 59(e), the court must balance "the

need for finality of judgments with the need to render a just decision." Venegas-Hernandez, 370 F.3d at 190.

This court finds that Elnakle's motion must be allowed in order to prevent injustice in this case. As an initial matter, Green Valley has not disputed that it owes the plaintiffs over $1.6 million in security deposits. (See Docket No. 227 at 1). Instead, it has repeatedly asserted that the pursuit of any claims against it would be futile because it is out of business and has no assets.[2] (See id.). Accordingly, it appears that Elnakle's claims against Green Valley have merit, and that, if given the opportunity, he is likely to establish liability against the defendant.

Furthermore, Elnakle has presented evidence showing that neither he nor his attorney ever received Green Valley's Motion for Entry of Final Judgment of Dismissal. (See Elnakle Aff. ¶¶ 5-6; Kennedy Aff. ¶¶ 1-4).[3] Accordingly, Elnakle has demonstrated that he was unaware that his claims against Green Valley might be dismissed, and he has provided a legitimate excuse for his failure to submit an opposition to the defendant's motion. Moreover, Elnakle has shown that the court's decision to allow Green Valley's motion "without opposition" was made without knowledge of all the relevant circumstances surrounding the motion, and was based on a misunderstanding of the plaintiff's

---

[2] Notwithstanding its claims regarding a lack of resources, Green Valley has been represented by counsel throughout the course of this litigation.

[3] Elnakle's Affidavit is attached as Exhibit B to the plaintiff's amended motion to vacate (Docket No. 238-2), and the Affidavit of Elnakle's former counsel, Paul Edwin Kennedy, can be found at Docket No. 242.

commitment to prosecuting his case against Green Valley. The record establishes that Elnakle never intended to waive his opposition to the defendant's motion or to forfeit his claims in this action. This court finds that under the circumstances presented here, it would be manifestly unjust to allow the final judgment in favor of Green Valley to stand.

The defendant argues that the plaintiff's motion should be denied because this court lacks subject jurisdiction over the matter. As Green Valley points out, this action involves no federal claims and is essentially one for breach of contract, so the court's jurisdiction must be based on diversity of citizenship. (Def. Opp. Mem. at 4). The defendant further argues, based on Elnakle's assertion that he paid Green Valley a security deposit of $25,500, that the plaintiff cannot establish diversity jurisdiction because he cannot show that the amount in controversy exceeds $75,000. (Id.). This court disagrees for the reasons that follow.

"According to 28 U.S.C. § 1332, federal 'district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,' and there is diversity of citizenship." Stewart v. Tupperware Corp., 356 F.3d 335, 337 (1st Cir. 2004) (quoting 28 U.S.C. § 1332(a)). When determining whether a case meets the amount in controversy requirement, "a court must look at the circumstances at the time the complaint is filed." Id. at 338. Where, as here, the complaint was filed by multiple plaintiffs, "each must allege a claim that is in excess of $75,000." Id. at 337.

This court notes that this case was originally filed in state court, and that Green Valley removed it to this court on the basis of diversity of citizenship. (See Docket No. 1). At that time, the defendant took the position that the case was properly removed "because the amount in controversy exceeds $75,000, exclusive of interest and costs, [and] the suit involves a controversy between citizens of different states[.]" (Id. ¶ 4). Thus, Green Valley made a specific representation that the amount in controversy was sufficient to invoke this court's subject matter jurisdiction.

More importantly, Elnakle has shown that his claims meet the amount in controversy requirement for diversity jurisdiction. "If the opposing party questions the [plaintiff's] damages allegation, then the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Stewart, 356 F.3d at 338 (quotations and citations omitted). Here, the complaint shows that the plaintiffs' claims for damages sought not only the return of their security deposits, but also recovery for lost profits and for harm to their good will. (See Compl. (Docket No. 1-1) at Introduction and ¶ 56). Moreover, Elnakle has submitted an Affidavit in which he states that he has incurred over $75,500 in losses as a direct and foreseeable result of Green Valley's breach of contract. (Supp. Aff. (Docket No. 244) ¶ 10). Therefore, the plaintiff has alleged "facts indicating that it is not a legal certainty that [his] claims involve less than $75,000." Stewart, 356 F.3d at 339. The defendant's assertion that the court lacks subject matter jurisdiction over Elnakle's claims is without merit.

Finally, this court rejects Green Valley's argument that Elnakle's motion to vacate should be denied because the plaintiff failed to comply with Local Rule 7.1(A)(2), which requires counsel to certify "that they have conferred and have attempted in good faith to resolve or narrow the issue" before filing a motion with the court. At oral argument, counsel for Elnakle explained that by the time he learned that the court had entered judgment for Green Valley, the time period for filing a motion to vacate the judgment had nearly elapsed and he was unable to confer with defense counsel. This court accepts counsel's explanation for his failure to comply with Local Rule 7.1. In any event, the defendant has indicated that a conference would not have altered its opposition to the plaintiff's motion. This court also finds that counsel's failure to confer does not justify the harsh sanction of dismissal of Elnakle's claims.

## III. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that "Plaintiff, Gaby Elnakle's Amended Motion to Vacate Dismissal Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.1" (Docket No. 238) be ALLOWED, and that the court vacate the Final Judgment of Dismissal in favor of Green Valley and reopen the case so that Elnakle can pursue his claims on the merits.[4]

---

[4] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings,

/ s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge

---

recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).